**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-6177**

—————————

TIMOTHY TOROK,

        Petitioner - Appellant,

    v.

WARDEN CRYSTAL CARTER,

        Respondent - Appellee.

—————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:23-cv-02598-LKG)

—————————

Submitted:  November 24, 2025             Decided:  December 5, 2025

—————————

Before GREGORY and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Timothy Torok, Appellant Pro Se.  Megan Lynn Micco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Torok, a federal prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2241 petition, in which he challenged the execution of his sentence. In his petition, Torok contended that the Bureau of Prisons wrongfully refused to apply earned time credits under the First Step Act of 2018 ("FSA") to his sentence because he is designated as having an elevated risk of recidivism. He claimed that 18 U.S.C. § 3632(d)(4), which governs the amount of time credits an inmate may earn under the FSA, does not restrict the application of earned time credits to an inmate's sentence based on his recidivism risk level. Torok thus argued that the Bureau of Prisons exceeded its authority by not applying FSA time credits to his sentence.

Under § 3632(d)(4), an inmate can earn time credits for participation in recidivism reduction programming, and such credits are applicable toward time in prerelease custody or supervised release, if the inmate is eligible under 18 U.S.C. § 3624(g). 18 U.S.C. § 3632(d)(4)(A), (C). Under § 3624(g), time credits toward prerelease custody or supervised release can only be applied to inmates who have been designated as minimum or low risk to recidivate for the previous two risk assessments. 18 U.S.C. § 3624(g)(1)(D). Torok does not dispute that he has been designated either high or medium risk for recidivating throughout his incarceration. Because Torok's recidivism risk level renders him ineligible under § 3624(g), the Bureau of Prisons is statutorily authorized to deny the application of Torok's earned time credits to his sentence until he brings his recidivism risk level down to minimum or low.

2

Accordingly, we affirm the district court's order. *Torok v. Carter*, No. 1:23-cv-02598-LKG (D. Md. Jan. 29, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*